# Exhibit A



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

FEB 2 0 2015

Filed:

ARLENY NUNEZ,

       Plaintiff,

   -against-

1380 HOUSING DEVELOPMENT FUND CORPORATION and
URBAN HOMESTEADING ASSISTANCE BOARD INC,

        Defendants

INDEX NO. 3 0 0 7 7 0   15

Plaintiff designates Bronx
County as the place of trial.

**S U M M O N S**

The basis of venue is
Plaintiff's residence

### To the above named Defendants:

 **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer on the plaintiff's attorneys within 20 days after the service of this

summons, exclusive of the day of service of this summons, or within 30 days after service of this

summons is complete if this summons is not personally delivered to you within the State of New

York.

 In case of your failure to answer this summons, a judgment by default will be taken

against you for the relief demanded in the complaint, together with the costs of this action.


Dated: Brooklyn, New York
    February 7, 2015

         **PAVLOUNIS & SFOUGGATAKIS, LLP**
         Attorneys for the Plaintiff
         7706 13th Avenue
         Brooklyn, New York 11228
         (718) 787-1430


1380 HOUSING DEVELOPMENT FUND CORPORATION
120 Wall Street, 20th Floor
New York, New York 10005

URBAN HOMESTEADING ASSISTANCE INC
1047 Amsterdam Avenue
New York, New York 10025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

INDEX NO. **3 0 0 7 7 0** /15

ARLENY NUNEZ;,

Plaintiff,

**VERIFIED COMPLAINT**

-against-

1380 HOUSING DEVELOPMENT FUND CORPORATION and
URBAN HOMESTEADING ASSISTANCE BOARD INC,

FEB 2 0 2015

Defendants.

Plaintiff, by her attorneys, PAVLOUNIS & SFOUGGATAKIS, LLP, as and for her
Verified Complaint, respectfully alleges, upon information and belief:

1.          The plaintiff, ARLENY NUNEZ, at all times herein mentioned was and
still is a resident of the County of Bronx and the State of New York.

2.          The    defendant    1380    HOUSING    DEVELOPMENT    FUND
CORPORATION, at all times herein mentioned, was and still is a corporation organized and
existing under the laws of the State of New York, with its principal place of business situated in
the County of New York and the State of New York.

3.          The    defendant    1380    HOUSING    DEVELOPMENT    FUND
CORPORATION, at all times herein mentioned was and still is a foreign corporation duly
licensed and authorized to do business in the State of New York.

4.          The    defendant,    1380    HOUSING    DEVELOPMENT    FUND
CORPORATION, at all times herein mentioned conducted and carried on business in the County
of New York and the State of New York.

5.          The    defendant,    1380    HOUSING    DEVELOPMENT    FUND
CORPORATION, at all times herein mentioned was and still is a partnership doing business in
the County of New York and the State of New York.

6.          The    defendant,    1380    HOUSING    DEVELOPMENT    FUND

CORPORATION, at all times herein mentioned was and still is a limited liability partnership doing business in the County of New York and the State of New York.

7.          The defendant, 1380 HOUSING DEVELOPMENT FUND CORPORATION, at all times herein mentioned was and still is a limited liability corporation doing business in the County of New York and the State of New York.

8.          The defendant, 1380 HOUSING DEVELOPMENT FUND CORPORATION, at all times herein mentioned was and still is a sole proprietorship doing business in the County of New York and the State of New York.

9.          At all times herein mentioned, defendant 1380 HOUSING DEVELOPMENT FUND CORPORATION transacted business within the State of New York.

10.         At all times herein mentioned, defendant 1380 HOUSING DEVELOPMENT FUND CORPORATION derived substantial revenue from goods used or consumed or services rendered in the State of New York.

11.         At all times herein mentioned, defendant 1380 HOUSING DEVELOPMENT FUND CORPORATION expected or should reasonably have expected its acts to have consequences in the State of New York.

12.         At all times herein mentioned, defendant 1380 HOUSING DEVELOPMENT FUND CORPORATION derived substantial revenue from interstate or international commerce.

13.         The defendant URBAN HOMESTEADING ASSISTANCE INC, at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business situated in the County of New York and the State of New York.

14.         The defendant URBAN HOMESTEADING ASSISTANCE INC, at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do

business in the State of New York.

15.     The defendant, URBAN HOMESTEADING ASSISTANCE INC, at all times herein mentioned conducted and carried on business in the County of New York and the State of New York.

16.     The defendant, URBAN HOMESTEADING ASSISTANCE INC, at all times herein mentioned was and still is a partnership doing business in the County of New York and the State of New York.

17.     The defendant, URBAN HOMESTEADING ASSISTANCE INC, at all times herein mentioned was and still is a limited liability partnership doing business in the County of New York and the State of New York.

18.     The defendant, URBAN HOMESTEADING ASSISTANCE INC, at all times herein mentioned was and still is a limited liability corporation doing business in the County of New York and the State of New York.

19.     The defendant, URBAN HOMESTEADING ASSISTANCE INC, at all times herein mentioned was and still is a sole proprietorship doing business in the County of New York and the State of New York.

20.     At all times herein mentioned, defendant URBAN HOMESTEADING ASSISTANCE INC transacted business within the State of New York.

21.     At all times herein mentioned, defendant URBAN HOMESTEADING ASSISTANCE INC derived substantial revenue from goods used or consumed or services rendered in the State of New York.

22.     At all times herein mentioned, defendant URBAN HOMESTEADING ASSISTANCE INC expected or should reasonably have expected its acts to have consequences in the State of New York.

23.     At all times herein mentioned, defendant URBAN HOMESTEADING

3

ASSISTANCE INC derived substantial revenue from interstate or international commerce.

24.     At all times herein mentioned, the defendant 1380 HOUSING DEVELOPMENT FUND CORPORATION owned the sidewalk located at 1380 University Avenue, Bronx, NY.

25.     At all times herein mentioned, the defendant 1380 HOUSING DEVELOPMENT FUND CORPORATION was one of the owners of the sidewalk located at 1380 University Avenue, Bronx, NY.

26.     At all times herein mentioned, the defendant 1380 HOUSING DEVELOPMENT FUND CORPORATION was a lessee of the sidewalk located at 1380 University Avenue, Bronx, NY.

27.     At all times herein mentioned, the defendant 1380 HOUSING DEVELOPMENT FUND CORPORATION was a general contractor at the sidewalk located at 1380 University Avenue, Bronx, NY.

28.     At all times herein mentioned, the defendant 1380 HOUSING DEVELOPMENT FUND CORPORATION, defendant's servants, agents and/or employees operated the sidewalk located at 1380 University Avenue, Bronx, NY.

29.     At all times herein mentioned, the defendant 1380 HOUSING DEVELOPMENT FUND CORPORATION, defendant's servants, agents and/or employees maintained the sidewalk located at 1380 University Avenue, Bronx, NY.

30.     At all times herein mentioned, the defendant 1380 HOUSING DEVELOPMENT FUND CORPORATION, defendant's servants, agents and/or employees managed the sidewalk located at 1380 University Avenue, Bronx, NY.

31.     At all times herein mentioned, the defendant 1380 HOUSING DEVELOPMENT FUND CORPORATION, defendant's servants, agents and/or employees controlled the sidewalk located at 1380 University Avenue, Bronx, NY.

4

32.     At all times herein mentioned, the defendant 1380 HOUSING DEVELOPMENT FUND CORPORATION, defendant's servants, agents and/or employees supervised the sidewalk located at 1380 University Avenue, Bronx, NY.

33.     On or before August 11, 2014, the defendant 1380 HOUSING DEVELOPMENT FUND CORPORATION, defendant's servants, agents and/or employees repaired the sidewalk located at 1380 University Avenue, Bronx, NY.

34.     On or before August 11, 2014, the defendant 1380 HOUSING DEVELOPMENT FUND CORPORATION, defendant's servants, agents and/or employees inspected the sidewalk located at 1380 University Avenue, Bronx, NY.

35.     On or before August 11, 2014, the defendant 1380 HOUSING DEVELOPMENT FUND CORPORATION, defendant's servants, agents and/or employees constructed the sidewalk located at 1380 University Avenue, Bronx, NY.

36.     On or before August 11, 2014, the defendant 1380 HOUSING DEVELOPMENT FUND CORPORATION, defendant's servants, agents and/or employees designed the sidewalk located at 1380 University Avenue, Bronx, NY.

37.     At all times herein mentioned, it was the duty of the defendant 1380 HOUSING DEVELOPMENT FUND CORPORATION, defendant's servants, agents and/or employees to maintain said sidewalk located at 1380 University Avenue, Bronx, NY, in a reasonably safe and suitable condition and in good repair.

38.     At all times herein mentioned, the defendant URBAN HOMESTEADING ASSISTANCE INC owned the sidewalk located at 1380 University Avenue, Bronx, NY.

39.     At all times herein mentioned, the defendant URBAN HOMESTEADING ASSISTANCE INC was one of the owners of the sidewalk located at 1380 University Avenue, Bronx, NY.

40.     At all times herein mentioned, the defendant URBAN HOMESTEADING

ASSISTANCE INC was a lessee of the sidewalk located at 1380 University Avenue, Bronx, NY.

41.       At all times herein mentioned, the defendant URBAN HOMESTEADING ASSISTANCE INC was a general contractor at the sidewalk located at 1380 University Avenue, Bronx, NY.

42.       At all times herein mentioned, the defendant URBAN HOMESTEADING ASSISTANCE INC, defendant's servants, agents and/or employees operated the sidewalk located at 1380 University Avenue, Bronx, NY.

43.       At all times herein mentioned, the defendant URBAN HOMESTEADING ASSISTANCE INC, defendant's servants, agents and/or employees maintained the sidewalk located at 1380 University Avenue, Bronx, NY.

44.       At all times herein mentioned, the defendant URBAN HOMESTEADING ASSISTANCE INC, defendant's servants, agents and/or employees managed the sidewalk located at 1380 University Avenue, Bronx, NY.

45.       At all times herein mentioned, the defendant URBAN HOMESTEADING ASSISTANCE INC, defendant's servants, agents and/or employees controlled the sidewalk located at 1380 University Avenue, Bronx, NY.

46.       At all times herein mentioned, the defendant URBAN HOMESTEADING ASSISTANCE INC, defendant's servants, agents and/or employees supervised the sidewalk located at 1380 University Avenue, Bronx, NY.

47.       On or before August 11, 2014, the defendant URBAN HOMESTEADING ASSISTANCE INC, defendant's servants, agents and/or employees repaired the sidewalk located at 1380 University Avenue, Bronx, NY.

48.       On or before August 11, 2014, the defendant URBAN HOMESTEADING ASSISTANCE INC, defendant's servants, agents and/or employees inspected the sidewalk located at 1380 University Avenue, Bronx, NY.

49.      On or before August 11, 2014, the defendant URBAN HOMESTEADING ASSISTANCE INC, defendant's servants, agents and/or employees constructed the sidewalk located at 1380 University Avenue, Bronx, NY.

50.      On or before August 11, 2014, the defendant URBAN HOMESTEADING ASSISTANCE INC, defendant's servants, agents and/or employees designed the sidewalk located at 1380 University Avenue, Bronx, NY.

51.      At all times herein mentioned, it was the duty of the defendant URBAN HOMESTEADING ASSISTANCE INC, defendant's servants, agents and/or employees to maintain said sidewalk located at 1380 University Avenue, Bronx, NY, in a reasonably safe and suitable condition and in good repair.

52.      On or about August 11, 2014, the plaintiff, ARLENY NUNEZ was on the aforesaid premises.

53.      On or about August 11, 2014, the plaintiff, ARLENY NUNEZ was lawfully on the aforesaid premises.

54.      On or about August 11, 2014, the plaintiff, ARLENY NUNEZ was caused to trip, slip and/or fall on the aforesaid premises.

55.      On or about August 11, 2014, the plaintiff, ARLENY NUNEZ was injured at the premises.

56.      On or about August 11, 2014, the plaintiff, ARLENY NUNEZ was seriously injured at the premises.

57.      The aforesaid occurrence was caused by the negligence of the defendants, without any culpable conduct on the part of ARLENY NUNEZ.

58.      This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

59.      Due to defendants' negligence, plaintiff is entitled to damages in a sum

which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, the plaintiff demands judgment awarding damages, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: Brooklyn, New York
     February 7, 2015

               **By: Andrew G. Sfouggatakis**
               **PAVLOUNIS & SFOUGGATAKIS, LLP**
               Attorneys for the Plaintiff
               7706 13th Avenue
               Brooklyn, New York   11228
               (718) 787-1430

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK COUNTY OF KINGS:

I, Arleny Reyes Nuñez                     , being duly sworn, deposes and say:
I am a plaintiff in the action; I have read the COMPLAINT and know the contents
thereof; the same is true to my own knowledge, except as to the matters therein stated to
be alleged on information and belief, and as to those matters I believe it to be true.

X Arleny Reyes Nuñez

Sworn to before me on the

7th   day of February , 20 15

Notary Public

ANDREW G. SFOUGGATAKIS
NOTARY PUBLIC, State of New York
No. 02SF6215098
Qualified in Richmond County
Commission Expires December 21 2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX                                    Index No.

ARLENY NUNEZ;,

                              Plaintiff,

                      -against-

1380 HOUSING DEVELOPMENT FUND CORPORATION and URBAN HOMESTEADING
ASSISTANCE BOARD INC,

                      Defendants.

## SUMMONS and VERIFIED COMPLAINT

### PAVLOUNIS & SFOUGGATAKIS, LLP
*Attorneys for* Plaintiff
*Office and Post Office Address and Telephone*
7706 13th Avenue
Brooklyn, New York 11228
(718) 787-1430

        Service of a copy of the within SUMMONS and VERIFIED COMPLAINT is hereby
admitted.
        Dated,

              Attorney(s) for

Please take notice
[   ] NOTICE OF ENTRY
that the within is a (certified) true copy of _____
duly entered in the office of the clerk of the within named court on

[   ]   NOTICE OF SETTLEMENT
that                of which the within is a true copy will be presented for
settlement to the HON.                        one of the judges of the
within named court, at 851 Grand Concourse, Bronx, New York on
Dated  Brooklyn, New York
        February 7, 2015
                    Yours, etc.,

                              **PAVLOUNIS & SFOUGGATAKIS, LLP**
                              *Attorneys for* Plaintiff